*Original*

James S. Davis OSB#982070
P.O. Box 7399
Salem, OR 97302
Phone:(503)363-8661
Fax:   (503)363-8681
Jamesdee3080@msn.com

FILED*10 AUG 06 16 22 USDC-ORP

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### EUGENE DISTRICT

CV'10 - 6238    TC

| | |
|---|---|
| ANDREA WILLIAMS, | ) Case No. |
|       Plaintiff, | ) |
| | ) **COMPLAINT-STATE STATUTORY** |
| | ) **DISCRIMINATION; TITLE VII** |
|   vs. | ) **DISCRIMINATION; INFLICTION OF** |
| | ) **EMOTIONAL DISTRESS; WRONGFUL** |
| CHANDA CORPORATION DBA | ) **TERMINATION** |
| CIDDICI'S PIZZA AND TARIQ | ) |
| SIDDIQUI | ) |
|       Defendants. | ) |
| _____ | ) |

Plaintiff alleges:

## JURISDICTION

1.

   Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and brought pursuant to claims under 42 USC § 2000. Plaintiff requests a jury trial in this matter.

2.

   Jurisdiction is appropriate for this Court after plaintiff's receipt of a right to sue letter from the Equal Employment Opportunity Commission and the Oregon Bureau of Labor and Industries dated May 27, 2010.

Page | **1** Complaint

35088

**SUPPLEMENTAL JURISDICTION**

3.

This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

4.

Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Linn County, Oregon. Plaintiff requests a jury trial in this matter.

5.

Plaintiff and defendants are resident in Linn County, Oregon. Defendant has employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**FACTUAL ALLEGATIONS**

6.

Plaintiff is woman who was employed by Ciddici's Pizza from April 18, 2008 to April 6, 2009.

7.

When plaintiff was hired, Tariq Siddiqui(Siddiqui), the owner, asked her to come to his house located behind the restaurant to discuss the terms and conditions of her employment. While in his home, he asked that plaintiff remove her shoes and get comfortable. After about 15 minutes, Siddiqui

1    started asking questions about plaintiff's relationship with her
2    boyfriend. Siddiqui asked plaintiff to describe the sex between
3    plaintiff and her boyfriend.  Plaintiff refused to talk about
4    this subject and went to put on her shoes to leave.  When
5    plaintiff bent over to put on her shoes, she noticed Siddiqui
6    was looking down her blouse.  Plaintiff then used her hand to
7    cover her breasts, and Siddiqui stated "oh no, give me another
8    shot of that."

8.

10    While plaintiff worked at Ciddici's Pizza, she was touched
11    or commented to in a sexual manner on a daily basis.  Siddiqui
12    would put his arm around her waist, rub her back, and slap
13    plaintiff on her behind.

9.

15    On one occasion plaintiff was standing at the counter
16    waiting on a customer, Siddiqui slipped up to her right side and
17    put his arm around her waist and said "what happened to that
18    tight little body I hired."

10.

20    On another occasion, while plaintiff was standing at the
21    cutting counter with another female employee, Trinity, plaintiff
22    noticed that Siddiqui had a Ciddici's sweatshirt and asked if
23    she could have one.  Siddiqui responded "yeah, you have to have
24    big boobs like Trinity to wear those, they wouldn't fit you
25    because your boobs are not big enough."
26    //
27    //
28

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

11.

On another occasion, plaintiff walked by the counter area
to the pick-up window and Siddiqui came up from behind and
slapped her on her butt with his hand.  Plaintiff quickly turned
around and Siddiqui said,"oh you had a fly there, it's o.k. to
do that if you have a fly on you."

12.

On another occasion, plaintiff was working with a customer
and the customer asked about a free glass of wine.  Siddiqui
commented She would have to wear a lower cut shirt for free
alcohol.

13.

Siddiqui would come to work and talk about taking trips to
Portland strip clubs.  Plaintiff told him her stepdaughter
worked at one in Portland.  Siddiqui asked to see a picture to
see if he recognized her.  Plaintiff showed him a picture of her
face and he commented,"oh, those aren't the lips I wanted to
see."

14.

Plaintiff asked Siddiqui why he did not have male employees
working the front counter and he responded "they don't have the
right equipment." Plaintiff was also told to wear low cut shirts
to work.

15.

The more plaintiff objected to Siddiqui's comments and
actions, the more he became hostile.  One night Siddiqui pick up
a box and threw it a plaintiff.

Page | **4** Complaint

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

1

2 ## FIRST CLAIM-STATE STATUTORY DISCRIMINATION

3 ### (Count 1— Sex Discrimination)

4                          16.

5     Plaintiff realleges paragraphs 1-15.  According to ORS

6 659A.030(1)(a) and (b), it is an unlawful employment practice,

7 "for an employer, because of an individual's race, religion,

8 color, sex, national origin, marital status or age if the

9 individual is 18 years of age or older, . . . to refuse to hire

10 or employ or to bar or discharge from employment such individual

11 [or] . . . to discriminate against such an individual in

12 compensation or in terms, conditions, or privileges of

13 employment."  Discrimination committed by the defendants as

14 alleged above, affected plaintiff's employment opportunities,

15 compensation, terms, conditions, and privileges of employment in

16 violation of this statute.

17                          17.

18     Plaintiff suffered from discrimination based on her sex as

19 described in the paragraphs above.  Defendants' adverse

20 employment actions toward plaintiff negatively affected her

21 terms, conditions, and privileges of employment in violation of

22 ORS 659A.030 (a) and (b).

23                          18.

24     Plaintiff has suffered economic and non-economic damages in

25 an amount to be determined at trial, as a result of defendants

26 discrimination, plaintiff requests equitable relief including

27

28

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

back pay and reasonable attorney fees and costs pursuant to ORS 659A.885.

### (Count 2–Retaliation Sex Discrimination)

19.

Plaintiff realleges paragraphs 1-18.  According to ORS 659A.030(1)(f), it is an unlawful employment practice, "for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so."  Discrimination committed by the defendants, as alleged above, affected plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment in violation of this statute.

20.

Plaintiff suffered from retaliation based on her complaints of sexual discrimination as described in the paragraphs above. Defendants' retaliation toward plaintiff negatively affected her terms, conditions, and privileges of employment in violation of ORS 659A.030(1)(f).

21.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial, as a result of defendants' discrimination, plaintiff requests equitable relief including back pay and reasonable attorney fees and costs pursuant to ORS 659A.885.

//

Page | 6 Complaint

1

**(Count 3-Hostile Work Environment Sex Discrimination)**

2

22.

3    Plaintiff realleges paragraphs 1-21.  According to ORS

4 659A.030(1)(b), it is an unlawful employment practice, "for an

5 employer, because of an individual's race, religion, color, sex,

6 national origin, marital status or age if the individual is 18

7 years of age or older, . . . to discriminate against such an

8 individual in compensation or in terms, conditions or privileges

9 of employment."  Discrimination committed by defendants affected

10 plaintiff's employment opportunities, terms, conditions and

11 privileges of employment in violation of the statute.

12

23.

13    Plaintiff suffered from discrimination in the form of a

14 hostile work environment based on her sex.  Defendants'

15 discrimination negatively affected plaintiff's employment in

16 violation of ORS 659A.030(1)(b).

17

24.

18    Plaintiff has suffered economic and non-economic damages in

19 an amount to be determined at trial, as a result of defendants'

20 discrimination, plaintiff requests equitable relief including

21 back pay and reasonable attorney fees and costs pursuant to ORS

22 659A.885.

23

**SECOND CLAIM-VIOLATION OF TITLE VII**

24

**(Count 1-Sex Discrimination, 42 U.S.C. § 2000e)**

25

25.

26

27    Plaintiff realleges paragraphs 1-24.  42 U.S.C. § 2000e-

28 2(a) provides: "it shall be an unlawful employment practice for

Page | **7** Complaint

an employer" to discharge an individual, "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin . . .".

26.

Plaintiff is a woman.  Defendants' employed plaintiff during the time in question.  During the course of plaintiff's employment with defendants, plaintiff suffered from discrimination based on her sex.  Incidents of sexual discrimination committed by defendants resulted in plaintiff being denied compensation, and adversely affected plaintiff's terms, conditions, and privileges of employment in violation of 42 U.S.C. § 2000e-2(a).

27.

Defendants discriminated against plaintiff in the terms, conditions, and privileges of her employment on the basis of her sex.  As a result of this discrimination, plaintiff was denied compensation, and adversely affected plaintiff's terms, conditions, and privileges of her employment.

28.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial, as a result of defendants' discrimination, plaintiff requests equitable relief including back pay and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

//

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

**(Count 2—Retaliation Sex Discrimination, 42 U.S.C. § 2000e)**

29.

Plaintiff realleges paragraphs 1-28. 42 U.S.C. § 2000e-3 provides in relevant part: "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this sub-chapter."

30.

Plaintiff complained about being treated differently due to her sex. After this complaint, defendants retaliated against plaintiff.

31.

Defendants retaliation toward plaintiff, because she complained about sex based discriminatory conduct, constitutes a violation of 42 U.S.C. § 2000e-3(a) for which plaintiff is entitled to relief.

32.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial, as a result of defendants' discrimination, plaintiff requests equitable relief including back pay and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**(Count 3—Hostile Work Environment Sex Discrimination, 42 U.S.C. § 2000e)**

33.

Plaintiff realleges paragraphs 1-32. During the course of plaintiff's employment with defendant, plaintiff suffered from

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

discrimination based on her sex.  Incidents of sexual

discrimination committed by defendants resulted in plaintiff

being denied compensation, and adversely affected plaintiff's

terms, conditions, and privileges of her employment in violation

of 42 U.S.C. § 2000e-2(a).

34.

Defendants' actions created a hostile work environment

toward woman that plaintiff was subjected to.

35.

Defendants' hostile work environment and the actions of its

employees, as provided in the paragraphs above, affected

plaintiff's ability to perform her job, and caused plaintiff to

suffer emotional distress in the performance of her job.

36.

Defendants' hostile work environment toward plaintiff,

because she is a woman, constitutes a violation of 42 U.S.C. §

2000e-2(a) for which plaintiff is entitled to relief.

37.

Plaintiff has suffered economic and non-economic damages in

an amount to be determined at trial, as a result of defendants'

discrimination, plaintiff requests equitable relief including

back pay and reasonable attorney fees and costs pursuant to 42

U.S.C. § 1988.

### THIRD CLAIM-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.

Plaintiff realleges paragraphs 1-37.  Plaintiff had an

employer-employee relationship with defendants. Defendants knew

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

that the aforementioned conduct would cause severe mental or

emotional distress or acted despite a high degree of probability

that the mental or emotional distress would result.

39.

Defendants' conduct caused plaintiff severe mental or

emotional distress from the foreseeable highly unpleasant

emotional reactions including fright, grief, shame, humiliation,

embarrassment, anger, disappointment, and worry.  Plaintiff has

also suffered from depression as a result of being subjected to

defendants' discriminatory employment practices.

40.

Defendants' conduct was an extraordinary transgression of

the bounds of socially tolerable conduct or exceeded any

reasonable limit of social toleration.

41.

As a result of defendants' intentional actions, plaintiff

has suffered economic damages and non-economic damages in the

form of severe emotional distress in an amount to be determined

at trial.

### FOURTH CLAIM-RECKLESS INFLICTION OF EMOTIONAL DISTRESS

42.

Plaintiff realleges paragraphs 1-41.  Defendant, Siddiqui,

in the course and scope of his employment and ownership

recklessly engaged in the aforementioned actions causing severe

mental or emotional distress in the form of fright, grief,

shame, humiliation, embarrassment, anger, disappointment, worry.

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

Plaintiff has also suffered from depression as a result of being subjected to defendant's actions.

43.

The aforementioned actions of defendant consisted of an extraordinary transgression of contemporary standards of civilized conduct toward a person in the work environment.

44.

As a result of defendant's reckless actions, plaintiff has suffered economic damages and non-economic damages in an amount to be determined at trial.

**FIFTH CLAIM—WRONGFUL DISCHARGE**

45.

Plaintiff realleges paragraphs 1-44.  Defendants wrongfully discharged plaintiff from her employment on or about April 6, 2009.

46.

Defendants wrongfully discharged plaintiff because she exercised a legal right related to her status or role as an employee that is of important public interest.

47.

Plaintiff requested that defendants not discriminate against her.  Making these requests is a legal right that is related to plaintiff's status or role as an employee.  Making those requests is of important public interest to protect the rights of plaintiff and other employees.  Plaintiff had a

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

societal obligation to complain about discrimination in the work place.

48.

As a result of plaintiff's wrongful discharge, plaintiff suffered economic damages and non-economic damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests the following for her claims for relief:

1.    First Claim for Relief against Defendants:

a.    Count 1: Plaintiff seeks economic damages non-economic damages in an amount to be determined at trial.  Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to ORS 659A.885.

b.    Count 2: Plaintiff seeks economic damages non-economic damages in an amount to be determined at trial.  Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to ORS 659A.885.

c.    Count 3: Plaintiff seeks economic damages non-economic damages in an amount to be determined at trial.  Plaintiff seeks recovery of all compensatory damages provided by law, in

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

addition to equitable relief and reasonable attorney fees and
costs pursuant to ORS 659A.885.

2.    For Plaintiff's Second Claim for Relief against Defendants:

a.    Count 1: Plaintiff seeks economic damages and non-economic damages in an amount to be determined at trial.
Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

b.    Count 2: Plaintiff seeks economic damages and non-economic damages in an amount to be determined at trial.
Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

c.    Count 3: Plaintiff seeks economic damages and non-economic damages in an amount to be determined at trial.
Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

3.    For Plaintiff's Third Claim for Relief against Defendants:

Plaintiff requests economic damages and non-economic damages in an amount to be determined at trial.

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

4.    For Plaintiff's Fourth Claim for Relief against Defendants:

    Plaintiff requests economic damages and non-economic

damages in an amount to be determined at trial.


5.    For Plaintiff's Fifth Claim for Relief against Defendants:

Plaintiff requests economic damages and non-economic damages in

an amount to be determined at trial.


DATED this ___ day of August, 2010


                                    _____
                                    James S. Davis OSB #982070
                                    Of Attorneys for Plaintiff

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681